[No. 12771. In Bank. — June 19, 1890.]

## JAMES D. DURKEE, RESPONDENT, v. RICHARD GARVEY, APPELLANT.

APPEAL — RECALLING REMITTITUR — CONDITIONAL AFFIRMANCE OF JUDGMENT — COSTS — MODIFICATION OF JUDGMENT. — When a judgment appealed from by the defendant has been affirmed conditionally upon the plaintiff's filing in the court below a release of part of the judgment, and of his costs in that court, the *remittitur* will not be recalled after the plaintiff has complied with the required conditions, for the purpose of modifying the judgment upon appeal so as to require plaintiff to pay the costs in this court.

ID. — Where a judgment is reversed on condition, with directions that upon the performance thereof it is to stand affirmed, and the condition is afterwards complied with, the judgment thereupon becomes and continues to be affirmed.

ID. — REMEDY BY PETITION FOR REHEARING. — If the appellant is not satisfied with the judgment as rendered in this court, his remedy is to ask for a rehearing, or for a modification of the judgment, within thirty days after the decision, and before the *remittitur* goes down, and it is too late to ask for such modification after the regular issuance of the *remittitur*.

MOTION to recall a *remittitur* issued to the Superior Court of Los Angeles County. The facts are stated in the opinion of the court.

*Smith & Clark*, and *Shaw & Damron*, for Appellant.

*Bicknell, White & Barclay*, and *Wilson & Reddick*, for Respondent.

Works, J.—This cause was decided by this court, and the following judgment rendered: "It is adjudged and decreed by the court that the judgment and order of the superior court in and for the county of Los Angeles, in the above-entitled cause, be, and the same are, reversed, and cause remanded for a new trial, unless the plaintiff shall, within thirty days after the going down of the *remittitur*, file in the court below a release of $150 and his costs in that court, and if he does file such release, then the judgment and order shall stand affirmed." Upon the going down of the *remittitur*, the plaintiff, in compliance with the judgment of this court, filed his release of $150 of his judgment and his costs in the court below. The defendant now moves this court to recall the *remittitur*, and so modify its former judgment as to require the plaintiff to pay the costs in this court. This is placed on the ground that the case was reversed, and, under the rules of the court, judgment for costs should have gone against the respondent. But the judgment was reversed on condition, and upon the performance of the condition named the judgment was to stand affirmed. The condition was complied with, and therefore from that time the judgment was and continues to be affirmed, and must be enforced by the court below. This court imposed a penalty upon the plaintiff, which was the release of his costs below. If this had not been done, he would have been liable for the costs in this court, but might, upon a retrial of the case, have again recovered his costs in the lower court. This being so, it would hardly be just to recall the *remittitur*, and impose a new and additional penalty upon him. If the defendant had been put to the expense of a retrial in the court below, his claim for the costs in this court would be just, but as it is, he has avoided a new trial and escaped the costs of a former trial, and should be content. Besides, if the appellant was not satisfied with the judgment as rendered, his remedy was to ask for a rehearing, or a modification of the judgment, within thirty days, and before the *remit-*

*titur* went down, which was not done. The present application comes too late.

Motion denied.

Fox, J., McFARLAND, J., BEATTY, C. J., and SHARP-STEIN, J., concurred.