[Nos. 13586 and 13587. In Bank. — February 16, 1891.]

ISAAC L. HILL, APPELLANT, *v.* JAMES M. WILSON ET AL., RESPONDENTS, AND JAMES M. WILSON ET AL., RESPONDENTS, *v.* ISAAC L. HILL, APPELLANT.

VENDOR AND PURCHASER — FRAUD IN SALE OF LAND — MISREPRESENTATIONS AS TO WATER SUPPLY. — Misrepresentations by the vendor of land to the effect that the land was abundantly watered by means of forty-five shares in a timber ditch water company, and that there would be flowing in the timber ditch a specified amount of water, which would be ample to irrigate the whole land, and produce crops at all seasons of the year, are not mere expressions of opinion, but are statements of material and important facts as to an existing supply of water sufficient for the purposes stated.

ID. — RESCISSION — REASONABLE TIME. — An offer to rescind a sale of land on account of material misrepresentations as to the supply of water for irrigation is made within a reasonable time if made within two months after the discovery of the falsity of the representations.

ID. — OFFER TO RESCIND — TENDER — RECONVEYANCE — WATER STOCK. — Upon an offer to rescind the sale for fraudulent representations, the tender of a reconveyance of the land, with an offer to surrender the possession of the land, and to redeliver the certificates of water stock, which

had been transferred to the purchaser by an indorsement in blank, is
sufficient as to the land and water stock.

ID. — PLEADING — GENERAL ALLEGATION — TENDER OF PERSONALTY — SUP-
PORT OF JUDGMENT. — A general allegation of an offer by the purchaser
to rescind the entire contract of sale and purchase of the premises, and
to restore to plaintiffs all and every part of the premises, is sufficient to
support a judgment setting aside the sale, and requiring the purchaser
to account for and return all property received under the contract, al-
though the specific allegations as to tender of restitution do not include
certain small items of personal property which had been thrown into
the trade, and although the value of such items is not alleged.

APPEALS from judgments of the Superior Court of
San Bernardino County, and from orders denying a new
trial, in two actions consolidated and tried together in
the Superior Court.

The facts are stated in the opinion of the court.

*Waters & Gird,* and *Reddy, Campbell & Metson,* for Ap-
pellant.

The pleadings of the purchasers do not state the value
of the personal property, and the court cannot speculate
as to its probable value. (*Purdy* v. *Bullard,* 41 Cal. 444.)
That value not being stated, it does not appear that the
purchasers suffered any injury by the alleged fraudulent
representations. (*Purdy* v. *Bullard,* 41 Cal. 444; *Mar-
riner* v. *Dennison,* 78 Cal. 202.) The rescission was
not sufficiently prompt. (Civ. Code, sec. 1691; Pom-
eroy's Eq. Jur., sec. 897.) The waiting of the purchasers
for two months, until the alfalfa, trees, and other crops
had died, rendered it impossible to place the vendor *in
statu quo,* and was an unreasonable delay. (*Gifford* v. *Car-
vill,* 29 Cal. 589; *Collins* v. *Townsend,* 58 Cal. 614; *Canal
Co.* v. *Roach,* 78 Cal. 554; *Wainwright* v. *Weske,* 82 Cal.
196; *California* v. *McCauley,* 15 Cal. 429; *Fratt* v. *Fiske,*
17 Cal. 380; *Commissioners* v. *Younger,* 29 Cal. 179; *Mor-
rison* v. *Lods,* 39 Cal. 381; *Schiffer* v. *Dietz,* 83 N. Y. 300;
*Strong* v. *Strong,* 102 N. Y. 69; *Bell* v. *Keepers,* 39 Kan.
105.) It was matter of opinion as to whether the land

was well watered. (*Neidefer* v. *Chastain*, 71 Ind. 364, 365; 36 Am. Rep. 198.) Misrepresentations cannot be made of matter of opinion. (*Lawrence* v. *Gayetty*, 78 Cal. 131; 12 Am. St. Rep. 29.) The purchasers alleged that they relied solely upon the representation that the land was well and abundantly supplied with water for the purpose of irrigation during all the dry and irrigating season, and they cannot complain of misrepresentations not relied upon. (Bigelow on Fraud, ed. 1888, p. 540; Cooley on Torts, 2d ed., p. 587.) Representations as to future supply were mere matter of opinion. (*Mooney* v. *Miller*, 102 Mass. 217; *Morrison* v. *Koch*, 32 Wis. 254; *Long* v. *Woodman*, 58 Me. 52.) The personal property was not tendered upon the offer to rescind. (Code Civ. Proc., secs. 1691, subd. 2, 2074.)

*Hargrave & Bledsoe*, and *H. C. Rolfe*, for Respondents.

The purchaser has a right to insist upon rescission for false representations, independently of whether the premises were worth the price agreed. (*Newman* v. *Smith*, 77 Cal. 22; *Alvarez* v. *Brannan*, 7 Cal. 504; 68 Am. Dec. 274.) No objection was made to the form or substance of the offer to rescind, and appellant cannot afterwards be heard to complain. (Code Civ. Proc., sec. 2076.)

The COURT.—The case of Hill *v.* Wilson and wife was brought to foreclose a mortgage given by the defendants for a balance of purchase-money alleged to be due for the real estate described therein, sold by the plaintiff to the defendants. To this complaint the defendants pleaded that the plaintiff had induced them to purchase the land and execute the mortgage by certain false and fraudulent representations.

The action of Wilson and wife against Hill was one to rescind the sale of the land by Hill to them, and cancel the mortgage on the same grounds set up in their an-

swer as a defense to the action to foreclose the mortgage; so that the issues in the two cases were substantially the same. There was a demurrer to the answer in the foreclosure suit, and to the complaint in the action to rescind, which presented the same question. By stipulation the two cases were consolidated and tried together, and are brought to this court in the same transcript. The evidence is the same in both cases, so far as it becomes material on this appeal. The court below found for the defendants in the foreclosure proceeding, and for the plaintiff in the action to rescind, and in the latter case decreed that the mortgage be delivered up by the defendant, and that he repay the purchase-money paid in cash, amounting to two thousand dollars. Hill appeals in both cases.

It is contended by the appellant that neither the answer in the first case, nor the complaint in the last, were good, because the representations alleged to have been made were not as to existing facts, but were mere opinions; that the offer to rescind was not made in time, and the tender made was not sufficient. The sale made by Hill was of the land, forty-five shares of stock in a certain water company, five cords of wood, and a cow, for the sum of six thousand dollars. The shares of stock entitled the holder to so much of the waters of a certain water-ditch, to be used for irrigation and domestic purposes, and was for that reason only valuable in connection with the land.

The allegation as to the fraudulent representations was as follows: "The said plaintiff, for the purpose of inducing the defendants to purchase the land and water right hereinabove described, did falsely, and fraudulently and deceitfully, represent to defendants, and did by such false, fraudulent, and deceitful representations induce defendants to believe, that the said land was well and abundantly watered by means of the said forty-five shares of said Timber Ditch Water Company, and the water to be

furnished for use on said land by the said ditch; that the said timber ditch would carry, and that there would be flowing therein during all the dry and irrigating season of the year, from two to three hundred inches of water, measured under a four-inch pressure, which was and would be sufficient and ample to irrigate the whole of said land, so that the same would produce large and valuable crops of alfalfa and other grasses; and the defendants, relying upon and believing said representations to be true, entered into the contract for and made the purchase of said land and premises as hereinabove stated, without making any other or further inquiry or examination as to the water supply aforesaid, believing and relying upon the statements and representations of said plaintiff with reference to the said water supply; and being entirely unacquainted with that portion of the country, entered into said contract and made said purchase of the said land and water right solely and exclusively upon the representations and statements of the plaintiff that the said land was well and abundantly supplied with water for the purpose of irrigation during all the dry and irrigating season, which was the sole and only inducement to defendants to purchase said premises; that the soil of said lands is dry and sandy in character, which, without an abundant supply of water for irrigation, is absolutely unfit for farming or agricultural purposes of any character whatever, which was well known to plaintiff."

These were not mere expressions of opinion; they were statements of very material and important facts, and such as were well calculated to induce the purchase. It was not a statement that there would be water from a certain stream or ditch, but that the ranch was well supplied with water. This was a statement of an existing supply of water. Nor could it be construed as a mere statement that at the time the representation was made it was supplied with sufficient water. To say that the

ranch was well watered was equivalent to a statement
that it had a supply of water sufficient to irrigate and
produce crops at all proper seasons of the year. And
this was expressly stated. The allegations were suffi-
cient in this respect. The allegation was, that the ven-
dees discovered, by the failure of the water supply on
the 20th of June, that the representations were false,
and they offered to rescind, and tendered a reconveyance
of the land, and to return the certificates of stock, on the
20th of August. This, we think, was a reasonable time
within which to offer to rescind, and the cause cannot
be reversed on this ground.

It is insisted that the tender on the offer to rescind
was not sufficient, because the cord-wood and the cow
were not tendered, and the certificates of stock were not
tendered in such form as to vest the title in Hill if the
tender had been accepted. The allegation as to the ten-
der is as follows: "Defendants further allege and aver
that as soon as they discovered and became convinced
of the falsity of the aforesaid representations of plaintiff
in regard to the water belonging to and with said land,
they offered in good faith to rescind the entire contract
of sale and purchase of the said premises between plain-
tiff and the defendants made on the tenth day of March,
1888, as aforesaid, and for that purpose defendants made,
executed, and acknowledged a good and sufficient deed
for the reconveyance to plaintiff by them of the land
and premises aforesaid; and on or about the twentieth
day of August, 1888, and before the commencement of
this action, they tendered said deed to plaintiff, and
offered to give and surrender to him the full, peaceable,
and quiet possession of said premises, and every part
thereof, together with the said certificates for the forty-
five shares of stock in the Timber Ditch Water Company,
being the identical certificates thereupon indorsed and
delivered by the plaintiff to the defendants as aforesaid,
and defendants then and there demanded of the plain-

tiff a full rescission of the said contract of sale and purchase by and between the said plaintiff and defendants, and offered to restore to plaintiff all and every part of the said premises in as good state and condition as they were when defendants received the same, save and except such damage as the trees and other crops have suffered for want of water as aforesaid, and without any fault of defendants, and demanded of plaintiff the restoration and return to them of the full consideration paid on account of said sale and purchase, and of the notes and mortgage upon which plaintiff brings his suit, but to rescind the said contract the plaintiff then and there refused and still refuses so to do, although well knowing that in equity and good conscience he ought to rescind the same."

This was sufficient as to the land and water stock. It appears from the pleadings that the certificates of stock had been transferred to Wilson by an indorsement in blank. There does not appear to have been any transfer of the stock on the books of the company. This being so, an offer to redeliver the certificates to Hill was a sufficient tender of them. There was no direct allegation of a tender of the cord-wood or the cow. Counsel for appellant say there was no allegation of the value of the land or of the value of the personal property, and that the personal property not tendered might have been of the value of six thousand dollars. We can hardly believe that five cords of wood and a cow could be worth that sum. If so, cord-wood and cows must come high in San Bernardino County. But when we look at the evidence we find that the cord-wood and the cow were really no part of the consideration for the purchase or the mortgage, and that they, being on the ranch, were "thrown in" in the trade.

We think the general allegation of an "offer to rescind the entire contract of sale and purchase," together with the specific allegations set out above, rendered the plead-

ings both sufficient. In the judgment rendered, the Wilsons were required to account for or return all of the property received by them. The allegations and findings of fraud are fully sustained by the evidence, and the findings support the judgment.

Some objections are made to certain rulings in the admission and exclusion of evidence, but we find no error in the record.

The judgments and orders in both of the cases are affirmed.

Rehearing denied.