THE MINNEAPOLIS THRASHING-MACHINE COMPANY V.
J. G. CURREY *et ux.*

No. 14,926   (89 Pac. 688.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT — *Amendment of Answer — Demurrer—Ruling Deferred—Withdrawal of Defense.* When several defenses are stated in an answer, and the court permits one of them to be amended, over the objection of the plaintiff, after the trial has commenced, and the plaintiff immediately demurs to the answer as amended, and requests a ruling thereon before the trial proceeds, which is denied, and the court while holding its decision in abeyance compels the parties to proceed with the trial, this court will not consider whether the court committed error or not in these rulings and orders, when it appears that the defense objected to was withdrawn from the consideration of the jury before the conclusion of the trial.

2. ———— *Amendment of Answer to Conform to Proof.* Plaintiff commenced an action to recover judgment on three promissory notes. The defendants pleaded, in substance, a failure

of consideration, and asked that the notes be canceled. After the evidence was closed defendants were permitted to amend their answer by an averment that six other promissory notes were given with those mentioned in the petition, for the same purpose and as a part of the same transaction, and praying that they be canceled also. *Held*, it was not error to permit such amendment, it clearly appearing from the undisputed evidence given in the case that such averments were true.

3. —— *Decree Canceling Notes in Plaintiff's Possession — Judgment for Their Amount — Satisfaction on Delivery.* Where a decree is entered in favor of a defendant for the cancelation of promissory notes in the possession of the plaintiff the court, as a means to secure compliance with the decree, may properly render a judgment against the plaintiff for the amount of the notes canceled, providing therein that the judgment shall be satisfied upon delivery of the notes to the clerk of the court for cancelation within a time specified.

4. —— *Joinder of Defenses.* Sections 94 and 95 of the code of civil procedure (Gen. Stat. 1901, §§ 4528, 4529) permit a defendant to join in his answer as many grounds of defense, counter-claim, set-off and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both, when they arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim or are connected with the subject of the action, and the relief asked for is necessary for the complete determination of the question involved in the action.

Error from Leavenworth district court; JAMES H. GILLPATRICK, judge. Opinion filed March 9, 1907. Affirmed.

*Arthur M. Jackson,* and *Webster, Gilmer & Crowley,* for plaintiff in error.

*John T. O'Keefe,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: This is a suit to recover judgment on three promissory notes and foreclose a real-estate mortgage given to secure their payment. The defendants in an unverified general denial admitted the execution of the notes and mortgage, but by way of further answer and cross-petition pleaded the entire transaction,

of which the notes and mortgage mentioned in the petition were only a part. The pleading stated, in substance, that the defendants purchased a steam thrashing outfit of the plaintiff, for which they gave the three notes sued on and six others, the latter being secured by a chattel mortgage upon the property purchased. The plaintiff warranted the machinery to be all right, and agreed to make it do good work or rescind the contract and return the notes and securities.

The outfit did not do good work, and several men were sent by the plaintiff to ascertain and remedy the defect, but they failed to do so. Finally an expert was sent, who took the machinery in charge and proceeded with a job of thrashing already begun. By the negligence of this expert while managing the machinery fire escaped from the engine and destroyed the whole outfit, except the engine, which the plaintiff took under its chattel mortgage. It was further alleged that on account of the burning of the machinery defendants were prevented from fulfilling several contracts for thrashing, whereby they were greatly damaged in loss of profits. They asked for damages, and that the notes be canceled.

Plaintiff in reply denied all the new facts alleged. The case was tried upon these issues.

When ready to proceed with the trial defendants were permitted, over the objection of the plaintiff, to amend the allegations of their cross-petition relative to the claim for damages on account of loss of profits. To this amended pleading the plaintiff immediately filed a demurrer, and requested a ruling thereon before the trial proceeded. The court declined to decide the question at once, but took it under advisement and proceeded with the trial. Whether the court committed error in either or all of these matters has become immaterial, for the reason that before the close of the trial the whole question concerning this claim for special damages was withdrawn from the case.

After the evidence was introduced and each party

had rested the defendants were permitted again to amend their cross-petition by specifically setting out the six notes involved in the purchase of the thrashing-machine not mentioned in the petition. The entire transaction involved in the negotiations for, and the purchase of, the thrashing outfit had been fully shown by the evidence presented. The notes mentioned in the amendment were involved in the same transaction as those set out in the petition, and the facts elicited on the trial applied equally to all of them.

The amendment was manifestly in furtherance of justice, and clearly permissible under section 139 of the code for the purpose of making the pleading conform to the facts proved. (Gen. Stat. 1901, § 4573.) It is the policy of our code to avoid a multiplicity of suits and to settle in one action the whole subject-matter of any controversy between the parties. (*Flint v. Dulany,* 37 Kan. 332, 336, 15 Pac. 208; *Smith v. McCarthy,* 39 Kan. 308, 312, 18 Pac. 204.) To determine completely the controversy being litigated by these parties it was necessary that all the notes involved therein should be within the power and jurisdiction of the court.

Complaint is made that the defendants' answer contains a misjoinder of causes of action—one being at law, for a breach of warranty, and the other in equity, to cancel notes—and therefore that the demurrer to it should have been sustained. Sections 94 and 95 of the code (Gen. Stat. 1901, §§ 4528, 4529) expressly provide that this may be done when the causes of action joined arise out of the transaction set forth in the petition as the foundation of the plaintiff's claim or are connected with the subject of the action. This case seems to be covered by these sections. (*Goodman v. Nichols,* 44 Kan. 22, 31, 32 Pac. 957.)

No written contract for the purchase of the machinery was produced at the trial; the defendants established their answer and cross-petition by parol evidence, without objection, and the plaintiff offered

nothing in rebuttal. Under the evidence presented the defendants were clearly entitled to have the notes and mortgage canceled. The court, to make such an order effective, adjudged in addition to the decree of cancelation that the defendants recover a judgment against the plaintiff for the amount of the six notes not mentioned in the petition, with a provision that the judgment should be satisfied by the delivery of the notes to the clerk of the court within thirty days.

There are some other questions presented by the plaintiff, but the conclusions already reached dispose of them and they need not be separately considered.

Being unable to find any material error, the judgment of the district court is affirmed.