[Civ. No. 2382. Third Appellate District.—December 15, 1921.]

SERAPHIM MARKS et al., Respondents, v. ALFRED HOWKINS et al., Appellants.

[1] FRAUD—EXCHANGE OF REAL PROPERTIES—ALTERNATIVE JUDGMENT. A party to an agreement for the exchange of real properties, where the agreement is set aside on the ground of fraud upon the part of one of the parties thereto, may be adjudged to be entitled either to a reconveyance of the property or to the payment to him by the other party of the value of the property as found by the court.

APPEAL from a judgment of the Superior Court of Solano County. W. T. O'Donnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

James Carter and Elston, Clark & Nichols for Appellants.

W. E. Rode for Respondents.

HART, J.—This action was brought by the plaintiffs for the purpose of securing a decree rescinding a certain transaction involving a contract in writing, whereby the plaintiff Seraphim Marks and the defendant Alfred Howkins mutually agreed to exchange certain real properties of which they were the respective owners, and also certain deeds of conveyance passing between the parties under the terms of said agreement. The agreement was entered into on the thirteenth day of June, 1919. The property of the plaintiffs involved in the agreement consists of a house and two lots situated in Emeryville, Alameda County, and of the value of $2,500, and the property of the defendants is situated in Solano County, and consists of 106 acres of agricultural land, with improvements thereon, and of the alleged value of $17,000. The agreement was that the defendants would exchange their property for that of the plaintiffs upon the payment by the latter, in addition to the conveyance of their property to the defendants, of the sum of $14,500, of which $1,000 was to be paid in cash and the balance, $13,500, to "be paid at any time that the party of the second part [plaintiff Seraphim Marks] desires to

pay it in full.'' At the time of the execution of said agreement the plaintiff Seraphim Marks paid to the defendants $50 of the $1,000 which was to be paid in cash upon the execution of said agreement.

The amended complaint alleges and the court found that an exchange of the properties was consummated by the execution of deeds of conveyance by the respective parties; that thereupon the plaintiffs paid to the defendants the balance of the sum of $1,000, which was to be the cash payment on the transaction, and assumed the payment of the sum of $5,600, which was secured by a certain trust deed to the lands of the defendants, and gave their note for the balance and a trust deed to the Solano County property to secure the same. The said complaint further alleges and the court found that the plaintiffs were induced to enter into said contract and to consummate the same by certain false representations which are specifically set out in the complaint. These alleged false representations pertain to the quality and productivity and value of the land of the defendants. It is alleged and found that the defendants falsely represented to the plaintiffs that the land of the former and the improvements thereon were of the value of $17,000, but the court found that said land and improvements were of value not to exceed $7,500 or thereabouts. It is further alleged and also found that at the time of the execution of the agreement for the exchange of their properties the defendants assured the plaintiffs that they could procure an extension of the time for the payment of the $5,600 secured by the trust deed on the lands of defendants; that the defendants after the contract was made failed, neglected, and refused to procure the extension of time for the payment of said money and ''by reason thereof the consideration for the consummation of said agreement as to plaintiffs has failed, and that said plaintiffs would not have entered into said agreement or the consummation thereof but for the agreement of said defendants to procure such extension''; that after discovering that the defendants had made the false representations regarding the productive capacity and value of their land, and discovering the defendants had failed and refused to procure an extension of the time at which the note secured by the trust deed should be paid, the plaintiffs immediately rescinded said contract and ''then and there ten-

dered to said defendants Howkins a deed and bill of sale executed and acknowledged by plaintiffs, reconveying to said defendants said 106 acres of land and said personal property, and also tendered said defendants possession of said land and personal property, and tendered them everything else of value received by plaintiffs under said contract, or under said consummation thereof, and made said tender on condition that said defendants should reconvey to plaintiffs said Alameda County real property, and should repay to plaintiffs said sum of $1,000, and should pay plaintiffs the further sum of $100 for the value of work done and improvements made on said premises by said plaintiffs while so in possession of said Solano County property, . . . and should surrender said note and second deed of trust executed by plaintiff on said 106 acres, but said defendants Howkins then and there absolutely refused and rejected said demand, but made no objections whatsoever to said tender, or to any part thereof, or to the mode thereof; that plaintiffs then were, ever since have been, and now are ready, willing and able to restore to said defendants Howkins whatever of value plaintiffs, or either of them, received from defendants Howkins, or either of them, in said exchange.'' The complaint further alleges and the court found that subsequently to the date of the rescission of said agreement by the plaintiffs, and in order to avoid the effect of the same, the defendants Howkins made a pretended sale and conveyance of said Alameda County property, but without consideration, to defendant H. H. Bayliss and with full knowledge on the part of said Bayliss that plaintiffs had rescinded said contract and said consummation thereof as aforesaid; that at all times herein mentioned the value of said Alameda County property was and is $2,500, and has at all times herein mentioned had a rental value of $25 per month and at all of said times the reasonable value of the use and occupation of said Alameda County property was and is the sum of $25 per month; that said defendants Alfred Howkins and Christine Volina Howkins, his wife, have been in the sole and exclusive possession of said Alameda County property ever since June 20, 1919, and are now in the possession thereof; that at all times herein mentioned said Alfred Howkins and Christine Volina Howkins were and are husband and wife. The prayer of the complaint

is for a decree rescinding the contract and for the restoration of the real and personal property conveyed by the plaintiffs to the defendants and for the repayment of the sum of $1,000 which was paid in cash by the former to the latter and for such other relief as the complaint may warrant.

The defendants, answering, deny specifically each and every of the material allegations of the complaint and further allege that each of said plaintiffs, prior to the making of the contract for the exchange of the properties, visited the land of the defendants and fully and thoroughly inspected the same and also that they obtained and inspected the search of title of said land, which showed the boundaries thereof and also that the same was subject to said deed of trust of $5,600.

The defendant Bayliss filed an answer to the original complaint and therein denied all the vital averments thereof, and it was stipulated at the trial that said answer to said original complaint should stand as an answer to the amended complaint.

The court concluded as a matter of law that the plaintiffs were entitled to a decree against said defendants rescinding and setting aside the agreement, and the consummation thereof, as the same were alleged in the complaint; that the plaintiffs were entitled to the return of the $1,000 cash payment made upon the execution of the transaction, with interest thereon at the rate of seven per cent per annum from August 10, 1919, and for the sum of $90 as rental value of said Alameda County property for five months; that plaintiffs are entitled to a further decree against all of said defendants that plaintiffs are the owners of the Alameda County property, describing the same, free from all claims of said defendants or any of them; that the conveyance of said property by the defendants Howkins to the defendant Bayliss be set aside; that said defendants "do deliver possession of said premises in the same condition in which they were received by them from plaintiffs to said plaintiffs within sixty days after the entry of judgment herein, and in the event that said defendants do not, within such time, deliver up such possession of said property to plaintiffs, then plaintiffs are entitled, in lieu of the foregoing decree determining them to be the owners of said

property in the town of Emeryville, Alameda County, to a further judgment against said defendants, Alfred Howkins and Christine Volina Howkins, in the sum of $2,500, the value of said property''; that defendants Alfred Howkins and Christine Volina Howkins are entitled to a decree that they are the owners of the Solano County property involved herein, together with certain agricultural implements and other personal property. It is further concluded as a matter of law that the plaintiffs are entitled to a lien upon the Solano County property to secure the payment of the judgment in their favor for the sum of $1,090 and interest, and to secure the further judgment of $2,500 against said defendants Alfred Howkins and Christine Volina Howkins, in the event that said defendants do not deliver the possession of said Emeryville (Alameda County) property to said plaintiffs, as above provided. The judgment was in accord with the findings and the conclusions of law, and, among other things, adjudges as follows: ''It is further ordered, adjudged and decreed against said defendants Alfred Howkins and Christine Volina Howkins and H. H. Bayliss, that plaintiffs are the owners of said real property in the Town of Emeryville, County of Alameda, State of California, described as follows, to wit'' (describing said property), and '' . . . that defendants, Alfred Howkins and Christine Volina Howkins, are the owners of that certain real property in the County of Solano, State of California, described as follows'' (describing said property). The decree then proceeds:

''That said defendants do deliver possession of said real property last herein described [the. Emeryville property] to plaintiffs within 60 days after the entry of judgment herein in the same condition in which said premises were received by said defendants from plaintiffs. It is further ordered, adjudged and decreed that in the event that said defendants do not deliver up such possession of said property to plaintiffs accordingly, then plaintiffs, in lieu of the foregoing decree determining them to be the owners of said real property, have a further judgment against said defendants Alfred Howkins and Christine Volina Howkins in the sum of $2500.00, the value of said real property.''

Upon the expiration of the sixty days within which the defendants were required by the judgment to deliver possession of the Alameda County property to the plaintiffs the

court made an order directing execution to issue, said order containing a recital of the provisions of the judgment, and further proceeding thus:

"And it further appearing that said defendants did not at any time within sixty days after the entry of said judgment herein or at all, deliver or tender possession of said real property to plaintiffs, and that plaintiffs' said judgment is unsatisfied in whole, and good cause appearing therefor,

"It is ordered, adjudged and decreed that the Clerk of said Court issue a writ of execution against said defendants Alfred Howkins and Christine Volina Howkins, in the sum of $1000 and interest thereon at the rate of seven per cent per annum from August 10, 1919, and for the sum of $90 and $2500 and $108.25 costs and interest on said sum from the date of entry of judgment herein."

The appeal is from the said order and is supported by the judgment-roll alone.

A motion to dismiss the appeal is pending and urged here by the respondents, but, in view of the peculiar character of the decree, it is conceived preferable to consider the appeal upon its merits, from which, as the sequel hereof will show, the respondents will suffer no injury.

[1] The principal objection to the order involves a complaint against the character of the decree entered herein, it being the contention of the appellants that the court was without the power to make an alternative judgment in this case. In other words, the position of the defendants is that the decree itself operated as a reconveyance of the Alameda County property to the plaintiffs and that all that was necessary to be done to carry out the terms of the decree was for the plaintiffs to sue out a writ of assistance and thus secure possession of the property.

It is admitted that an appeal was taken by the appellants here from the judgment, but that said appeal was dismissed by agreement of the parties. The judgment, thus becoming final, was, of course, conclusive upon the parties, and the attack here upon the same is collateral. Obviously the order appealed from cannot be disturbed unless we can say that the judgment is void upon its face. This we cannot say. We can conceive of no reason why a judgment, in a case of this character, may not legally be in the alternative—that is, that a party to an agreement for the exchange of prop-

erties, where said agreement is set aside on the ground of fraud upon the part of one of the parties thereto, may not be adjudged to be entitled either to a reconveyance of the property or to the payment to him by the other party of the value of said property as found by the court. There are cases (not, as to the facts, precisely this case, it is true) in which alternative judgments have been entered. Indeed, even the appellate courts have often rendered and entered a judgment in the alternative—that is, a judgment to the effect that the same will stand reversed or affirmed according to whether a party to the action complies with a certain condition contained therein. (See *Durkee* v. *Garvey*, 84 Cal. 590 [24 Pac. 929]; *Messer* v. *Hibernia Sav. & Loan Society*, 149 Cal. 122 [84 Pac. 835]; *Armstrong* v. *Sacramento Valley Realty Co.*, 52 Cal. App. 110 [198 Pac. 217]; *Minneapolis Threshing Mach. Co.* v. *Currey*, 75 Kan. 365 [89 Pac. 688]; *Murkowski* v. *Murkowski*, 61 Wash. 103 [112 Pac. 92]; *Witham* v. *Walsh*, 156 Mich. 582 [121 N. W. 309]; *Kornblum* v. *Arthurs*, 154 Cal. 246, 249 [97 Pac. 420].) What is said in *Swan* v. *Talbot*, 152 Cal. 142 [17 L. R. A. (N. S.) 1066, 94 Pac. 238], as to the power and duty of a court of equity in an action to set aside a bill of sale of personal property is strikingly pertinent to the course pursued in this case, although there the property involved was personal and the property here involved is realty. We can, however, see no distinction, so far as the principle applicable is concerned, between the two cases. It must be assumed, and in truth presumed, since all intendments favorable to the support of the judgment must be indulged in the absence of a record of the evidence before this court, that there was substantial reason for the making of the judgment in this case in the alternative. Valid reasons for such a judgment in a case of this character may readily be conceived or conjectured. A court of equity possesses broad and extensive powers and may in a given case before it so frame its decree, within the issues, of course, as to adjust the equities of the case according to the just rights of the parties. It may be that the court had reason for concluding that the property conveyed to the defendants by the plaintiffs might, if possession thereof was not returned to the latter within sixty days, greatly depreciate in value; or, since no *lis pendens* was filed until September 27, 1919, almost a month after the institu-

tion of this action by the plaintiffs, it may be that prior to the filing of the *lis pendens* the defendants had leased or transferred the Emeryville property to an innocent lessee or purchaser for a valuable consideration and so were without ability to deliver possession thereof to the plaintiffs within the time required by the decree or at all. Certainly, in either of the supposititious cases, the plaintiffs would be entitled to be paid, in lieu of the delivery to them of the possession of the property, the value thereof at the time of the consummation of the agreement of exchange. Moreover, while the court was without authority to require the defendants to purchase the Emeryville property (as is the practical effect of enforcing the alternative provided by the decree) by way of a penalty, still since the transaction was, as we must assume, brought about by the fraud of the defendants, and, furthermore, since they refused to deliver to plaintiffs possession of the property within the time limit fixed by the decree, the former have no just ground for complaining against the terms of the judgment or of the order from which they have appealed.

No complications can follow from the fact that the decree is in the alternative or from the fact that the decree is lacking in certain particulars in specificness. As we have seen, the court adjudged that the Emeryville property was the property of the plaintiffs and that the Solano County property was the property of the defendants, and while it did not specifically decree a reconveyance, the adjudication that these properties belonged to the respective parties vested in them absolute title thereto and all that was necessary to complete the rights of the parties under the decree was to effect a delivery of the possession of the properties, one to the other as the decree ordered. The court found, as also seen, that the plaintiffs, upon notifying defendants of the rescission of the transaction, tendered to the latter a deed conveying back to the defendants the Solano County property, and, of course, they are under the decree entitled to such reconveyance. The defendants still have the record title to the Alameda County property in them, and the rational and just interpretation of the judgment is that the absolute title thereto will remain in them upon the satisfaction of the judgment under and by virtue of the order of execution from which this appeal is prosecuted. Indeed,

there could be no other interpretation given the judgment without working manifest injustice to the defendants.

As to the contention of the appellants that the plaintiffs are limited to the remedy by a writ of assistance to obtain possession of the property which they exchanged to the defendants, it is to be said that, while certainly they could have invoked that writ for the purpose stated, such writ is not always the exclusive remedy in such a case as this. (*Trope* v. *Kerns,* 83 Cal. 553 [23 Pac. 691]; *Miller* v. *Bate,* 56 Cal. 135.) As above pointed out, the mere return of possession of the property to the plaintiffs might not have been effectual or adequate, since the defendants might not be able to restore possession of the property, if at all, in the same condition in which they obtained possession thereof as is required by the decree.

Our conclusion is that the order appealed from is impregnable against successful attack and it is therefore, affirmed.

Burnett, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.,* was acting.