## BUSEY v. HARBOUR-LONGMIRE CO.

No. 24525.   Sept. 10, 1935.

As Modified on Denial of Rehearing Oct. 29, 1935.

W. W. Pryor and Hugh M. Sandlin, for plaintiff in error.

McLaury & Hopps and E. I. Wakeman, for defendants in error.

PER CURIAM. The defendant in error, as plaintiff, brought an action in replevin against the plaintiff in error, as defendant, for the possession of certain household furniture described in a conditional sales contract. By such contract title was retained by the vendor to secure the payment of certain purchase price installments, and said contract contained a clause providing that demand of payment and notice of election to declare the whole debt due was specifically waived. Defendant in error alleged that there had been default in the payment of the installments due thereon in the sum of $556, and prayed for judgment against plaintiff in error for immediate possession of said property, or for its value in the sum of $556 plus costs and an attorney fee of $108.69.

For convenience, the parties will be herein referred to as in the court below.

The defendant, in lieu of a general denial, merely answered by denying that plaintiff was entitled to possession of said property and claimed payment as an affirmative defense, said answer being unverified.

The plaintiff introduced in evidence the conditional sales contract, the original ledger sheet record of plaintiff company, and a witness testified positively as to the amount due, which testimony was nowhere refuted. Another witness testified as to the value of the property sought to be replevined, which testimony likewise was not refuted.

The defendant demurred to the evidence of the plaintiff, such demurrer was overruled, defendant reserving an exception thereto, and defendant rested without introducing any evidence. The court instructed a verdict, and judgment was rendered in favor of the plaintiff for possession of the furniture in question, or its alternative value in the sum of $557.95, with interest thereon at the rate of 8 per cent. per annum from April 8, 1931, until paid, and $108.69 attorneys' fees.

Defendant's motion for a new trial, filed in due time, was overruled, exception being reserved by the defendant.

From this judgment defendant appealed, basing his petition in error upon the following assignments:

(1) That the judgment of the court is contrary to law.

(2) That the verdict of the jury and judgment of the court is contrary to the law and not supported by the evidence.

(3) That the court erred in overruling defendant's demurrer as to the testimony of the plaintiff.

(4) That the court erred in instructing a verdict for the plaintiff and against the defendant.

Counsel has abandoned all but two grounds of his appeal, viz.:

Proposition 1. That there is no evidence of the value of the property on which the court might place an alternative judgment.

The first ground on which defendant predicates error is that the court erred in allowing judgment on the testimony of the witness Mr. McBrayer as to the value of the property which McBrayer had not seen since it was sold. As to this, the court asked that McBrayer go with counsel for the defendant to inspect the furniture at the time of trial, but counsel for defendant declined to have the furniture inspected. Counsel relies on the case of Beard v. Herndon, 84 Okla. 142, 203 P. 226, for his contention under proposition 1, but, from a review of this case, it does not appear to be in point, because issue as to the value was raised in that case by a verified general denial and nowhere proved, while in the instant case the value of the property was not only pleaded, duly verified, but was proven by the witness, and nowhere disputed. The value of the property, furthermore, was not placed in issue by the answer filed in the case, the defendant merely denying plaintiff's right to possession, and pleading the affirmative defense of payment. Upon examination of the testimony of the witness Mr. McBrayer, it is found that he testified as to the value of the furniture very definitely and unequivocally, piece by piece, setting out the value of each item listed. Defendant offers no evidence in support of his affirmative plea of payment, nor did he offer any evidence supporting his denial of plaintiff's right to possession. By his failure to deny the value of the property under oath in his pleadings, he admitted the value of the property, as alleged.

The fact that the witness had not seen the property for some time prior to default would not go to the admissibility of the testimony, but only to the weight thereof. The Supreme Court of the state of Massachusetts, in the case of White Sewing Machine Co. v. Phoenix Nerve Beverage Co., 74 N. E. 600, lays down the rule which has been generally followed, that evidence of value at a time several months from the time in controversy is receivable without evidence that the condition of the property remained the same during the intervening period, **where there is no suggestion by the adverse party of change.** The rule concerning the sufficiency of this testimony (particularly when not controverted as here)

is also laid down by this court in the case of Fire Association of Philadelphia v. Farmers' Gin Co., 39 Okla. 162, 134 P. 444, in which case the question was raised that there was no competent evidence on the question of the value of the property and that none of the witnesses were competent to testify. The court observed that values of property such as that involved in this case are not always easy to prove, and that since the witnesses were familiar with the same, that they were therefore competent to testify. Of course, the value of their testimony is at all times a question for the jury, but its competency is for the trial court. The value of the property, not being denied, is admitted under the pleadings.

The following cases sustain that view, viz.:

"Allegation of the complaint, not being denied, is admitted." Turner v. Gilliland (Ind. T.) 76 S. W. 253; Dvorak v. Latimer (Cal. App.) 267 P. 578; Briggs v. People (Colo. App.) 121 P. 127; Farrar v. Parrish (Idaho) 245 P. 934; Hume v. Watt, 5 Kan. 34; Quickenden v. Hulbert (Mont.) 272 P. 994.

Under the foregoing authorities, it would appear that there is nothing in the record which would support any complaint as to the judgment by the court on this issue because the question of value was neither controverted nor made an issue in the case anywhere. And regardless, that issue is amply supported by the testimony of the witness Mr. McBrayer.

There was thus no issue raised which could properly have been submitted to the jury.

Proposition 2. The judgment of the trial court is contrary to law and not supported by the evidence.

Under this proposition the defendant complains as to the admission of certain testimony as to the default in payment under the conditional sales contract to the plaintiff. The defendant's argument and citation of authorities found in his brief on this proposition attacks the admission of testimony of the witness showing default in payment, because she was not connected with the bookkeeping department of the plaintiff.

It is to be noted, first, that the amount claimed to be due was set out in the petition and verified. The execution of the contract sued on was also pleaded, admitted at the trial, and its correctness verified. It is further apparent from the face of the contract in evidence that all amounts

claimed thereunder were sadly in default and long past due at the time of the institution of the suit. The correctness of that account and of the contract setting out the due date (which showed on its face the amount and default), being verified by plaintiff's petition and not placed in issue by verified answer of defendant specifically denying the same, defendant is foreclosed on that question by the provisions of section 220, O. S. 1931, reading as follows:

"In all actions, allegations of the execution of written instruments, and endorsements thereon, of the existence of a corporation or partnership, or of any appointment of authority, **or the correctness of any account duly verified by the affidavit of the party,** his agent or attorney, **shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney.**"

See, also, authorities, supra.

The conditional sales contract offered in evidence at the trial, without objection from and admitted by the defendant, showed on its face the dates on which payments should have been made. The record thus amply sustains the finding of a default in the conditional sales contract. This state of pleading, the lack of any issue, the failure to deny the account under oath, together with direct evidence as to the value and amount due, the total lack of any evidence to support the issues raised or to controvert plaintiff's claim, when considered in the light of the foregoing authorities, appears sufficient to sustain the verdict, and that there was ample evidence of value to sustain the default and alternative judgment of the court.

Counsel complains that the defendant was absent from trial. A review of the record shows that several continuances were granted defendant and that defendant was represented in open court by counsel, was granted permission to plead out of time, and that defendant had ample opportunity for further defense, if any was available. The refusal of a continuance is in the sound discretion of the court. Fire Ass'n of Philadelphia v. Farmers Gin Co., 39 Okla. 162, 134 P. 443.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys J. C. Ryan, Clarence Leedy, and L. H. Clark in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ryan, and approved by Mr. Leedy and Mr. Clark, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS and CORN, JJ., concur.