[No. 5,789.]
## BANCROFT & CO. *v.* HERINGHI ET AL.

EVIDENCE—FRAUD—SALE.—In an action to recover goods, sold by the plaint-
iffs to E., and by his directions delivered to defendant—the plaintiffs claim-
ing that the sale had been procured by fraud, and that it had been on that
account rescinded by them: *Held*, that evidence of transactions by which
defendants and E. had obtained goods from other persons by means simi-
lar to those used in the case in question, was admissible for the plaintiffs.

APPEAL from an order denying the plaintiffs a new trial, in
the Seventeenth District Court, City and County of San Fran-
cisco. DWINELLE, J.

The property in question was purchased of the plaintiffs by
Euphrit, on a credit of thirty days, as a present for Miss Herin-
ghi, one of the defendants, and was, by his directions, delivered
to the defendants. The plaintiffs claimed that the sale was pro-
cured by fraudulent representations as to the value of certain
stock deposited with them as security, and that defendants were
privy to the fraud. The other facts are stated in the opinion.

*R. P. & H. N. Clement*, for Appellants.

The Court below erred in not permitting appellants to prove
distinct purchases from other persons under similar circum-
stances to those in the present case. The evidence was admis-
sible against the defendants to prove the *quo animo*. (*Rowley*
v. *Bigelow*, 12 Pick. 307; *Cary* v. *Hotailing*, 1 Hill, 311;
*Olmsted* v. *Hotailing*, Id. 317; *Van Kleek* v. *Le Roy*, 4 Abb.
Ct. App. 470; *Wiggin* v. *Day*, 9 Gray, 97; *Dow* v. *Sanborn*,
3 Allen, 181–2; *Hathorne* v. *Hodges*, 28 N. Y. 486.)

*L. Quint*, for Respondents.

Department No. 2, MYRICK, J.:

This cause came on for trial in the Court below before a jury.
For the purpose of avoiding the alleged sale to defendants of the
piano, stool, and cover, plaintiffs offered evidence of transactions
by which defendants and Euphrit had obtained goods from other

persons by means similar to those used in this case, to which defendants objected, and the objection was sustained. Some evidence had already been given in the case, regarding the acts of defendants and Euphrit in obtaining the property now in dispute, tending to show a fraudulent combination between them for that purpose, and that evidence, with the evidence offered, the plaintiff was entitled to have submitted to the jury. (*Wiggin* v. *Day*, 9 Gray, 97; *Rowley* v. *Bigelow*, 12 Pick. 306; *Thompson* v. *Rose*, 16 Conn. 71.)

The Court erred in sustaining the objection, in granting the nonsuit, and in refusing a new trial.

Judgment and order refusing new trial reversed, and the Court below directed to grant a new trial.

Thornton, P. J., and Sharpstein, J., concurred.