[L. A. No. 2066. Department Two.—September 2, 1908.]

M. S. KORNBLUM, Appellant, v. MARY M. ARTHURS, Respondent, and the OCEAN PARK BANK (a Corporation), Defendant.

FRAUDULENT REPRESENTATIONS—EVIDENCE OF SIMILAR FRAUDS.—In an action where fraud in the purchase and sale of property is in issue, evidence of other frauds or fraudulent representations of like character committed by the same parties at or near the same time is admissible.

ID.—VENDOR AND VENDEE—RESCISSION—LACHES OF VENDEE BARRING RIGHT.—A vendee under a contract for the purchase of real estate is barred by his laches from obtaining a rescission of the contract on account of the alleged fraudulent representations of the vendor, where it appears that the property was purchased for speculative purposes, and the vendee held it, advertised it, and offered it for sale at an enhanced price during a time when the real estate market

was active, and that only after the market suffered a partial collapse and became stagnant did he make any complaint or offer to rescind, though he possessed full knowledge of all the facts months before.

ID.—FORECLOSURE OF VENDEE'S INTEREST—TIME FOR VENDEE TO PERFORM. —In an action by a vendee to rescind a contract for the purchase of land, in which judgment is rendered in favor of the vendor, foreclosing the vendee's interest, it is in consonance with equity to allow the vendor a stated time in which to preserve his rights to the property upon payment of the purchase price. Under the circumstances of this case an allowance of ten days for that purpose is not unreasonable.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. J. S. Noyes, Judge presiding.

The facts are stated in the opinion of the court.

Goldberg & Meily, for Appellant.

Tanner, Taft & Odell, for Respondent.

HENSHAW, J.—Plaintiff sued to rescind a contract for the purchase of real estate and to recover the portion of the purchase price which he had paid, upon the ground that he was induced to enter into the contract by false and fraudulent representations made by the vendor. Lot 23 in "Venice of America Tract," which is the subject-matter of this controversy, is one of a series of twelve lots, identical in size, constituting the southwesterly portion of block 2, a business block of the town. The fraudulent representation relied on as the basis for rescission was the alleged statement to plaintiff by defendant Arthurs and her agent that all of these other lots, excepting lot 23, were encumbered by a building restriction which compelled purchasers to begin the erection of buildings thereon within sixty days from the date of purchase, but that lot 23 was free from such building restriction and time limit. The contract made by the agent of defendant with the plaintiff contained the following: "It is understood that restrictions on this lot place no limit on time bldg. must be completed; otherwise, no sale." The written contract between the parties thus contained no representation as to the

*status* of the other lots and the representation actually made
as to lot 23 was true. It was equally true, however, of the
other lots of the block. Upon conflicting evidence the court
found that the representation alleged had not been made.
It found, moreover, that extensions of time had been granted
to plaintiff at his request for the making of payments on the
purchase price of the lot and that during this time plaintiff
advertised the lot for sale at a price greater than that for
which he had engaged to purchase it; that the lot was worth
at the time of sale and at the time of the commencement
of suit the amount which the plaintiff had contracted to
pay for it; that plaintiff at the time of entering into the
contract had every opportunity to inquire into the condition
of the title of the other lots in the block, and, in fact, did
make inquiries concerning the same, and that even if he did
not know the fact before, in August he became fully aware
of the condition of the title of the other eleven lots; that not-
withstanding this knowledge, he did not claim rescission or
offer to rescind until November 1, 1905, the date upon which,
under the extension of time which he had asked for and
obtained, an additional payment had become due. As has
been said, the court found against the alleged fraudulent
representation upon sharply conflicting testimony. Appel-
lant offered to prove that defendants had made the same rep-
resentations to another agent in placing the property in that
agent's hands for sale and the testimony was refused admis-
sion. It may be assumed that it should have been received
for the reason that where fraud in the purchase and sale of
property is in issue, evidence of other frauds or fraudulent
representations of like character committed by the same parties
at or near the same time is admissible. (*Bancroft* v. *Heringhi*,
54 Cal. 120; *Kelly* v. *Owens*, (Cal.) 30 Pac. 596; *Lincoln* v.
*Claflin*, 7 Wall. 138; *Carey* v. *Hotaling*, 1 Hill. 311, [37 Am.
Dec. 323].)

But to this and other alleged errors not necessary here to
consider, the sufficient answer is made by respondent that
they are, one and all, immaterial in this case under the finding
of laches, which the court, upon sufficient evidence, declared
the plaintiff to be guilty of. The circumstances as found by
the court are that the property was purchased by plaintiff
for speculative purposes; that he held it, advertised it and

offered it for sale at a price above that which he was to pay for it during a time when the real estate market was feverishly active and the plaintiff might reasonably expect a sale of the property at this increased price, and that only after the market suffered a partial collapse and became somewhat stagnant, did the plaintiff make any complaint or effort to rescind, though he possessed full knowledge of all the facts. months before. All these matters as found by the court. justify its refusal upon the ground of laches to award the plaintiff any relief.

The court decreed a foreclosure of plaintiff's interest, allowing him, however, ten days in which to preserve his rights to the property upon payment of the moneys provided in his contract. This was in consonance with equity. (*Keller* v. *Lewis,* 53 Cal. 113.) Nor can it be said that the ten days was an unjustly short limit of time, considering the extensions of time and indulgences which had been shown to the plaintiff, and his laches in commencing the action which he finally brought.

The judgment and order appealed from are therefore affirmed.

Lorigan, J., and Sloss, J., concurred.