[Civ. No. 4684. First Appellate District, Division Two.—January 9, 1924.]

## GRACE WATSON BORKHEIM, Respondent, v. MILTON BORKHEIM, Appellant.

[1] DIVORCE—EXTREME CRUELTY—CONFLICTING THEORIES—EVIDENCE. In an action by the wife for divorce on the ground of extreme cruelty, where one of the circumstances specified is that defendant communicated to plaintiff a venereal disease, the theory of plaintiff being that defendant committed adultery and at the same time contracted the disease and that he thereafter communicated the disease to plaintiff and, on the other hand, the theory of defendant being that he never had the disease, although, about the time mentioned, he was afflicted with a catarrhal discharge of a prostatic origin, and each party offers evidence to support its theory, the conflict is a

1. Communication of venereal disease as ground for divorce on charge of cruelty, notes, 5 A. L. R. 1016; 8 A. L. R. 1540.

matter to be decided by the trial court and not by the appellate court.

[2] ID.—COMMUNICATION OF VENEREAL DISEASE TO OPPOSITE SPOUSE —PRESUMPTION—EVIDENCE—CORROBORATION.—In this action by the wife for divorce on the ground of extreme cruelty, in which one of the circumstances specified was that defendant communicated to plaintiff a venereal disease, plaintiff did not merely prove that defendant had such a disease and rest her case upon any presumption that it was communicated to her by defendant, but testified fully as to her health from the day she was married down to the date of the trial, and stated all facts from which the trial court could infer, or not infer, that defendant had communicated to plaintiff the disease complained of; and her testimony was sufficiently corroborated by several doctors who, because of the very nature of the case, were caused to see, hear, and know facts and circumstances which enabled them, at least in part, to corroborate the story of plaintiff, and by the husband of plaintiff's sister, to whom defendant had made certain admissions.

[3] ID.—PROOF OF ADDITIONAL CRIME—ADMISSIBLE EVIDENCE.—If the defendant in such divorce action wronged plaintiff by committing adultery and, in so doing, contracted a venereal disease and, if later, he communicated that disease to plaintiff, all of the facts were open to proof and no one of the facts should be excluded merely because it proved an additional crime.

[4] ID. — EXPERT TESTIMONY — HYPOTHETICAL QUESTIONS—COMMINGLING OF FACTS AND OPINION.—In such an action for divorce it is not reversible error to permit a hypothetical question, propounded to a doctor called as an expert witness, to be predicated upon the testimony of another doctor who treated plaintiff and defendant after the former became infected with the disease complained of and who, in making his examination, saw certain objects which he named and described; and if such hypothetical question commingled a statement of facts with statements of some matters which were matters of professional opinion, as distinguished from matters of fact, defendant should have so framed his objection as to call to the attention of the trial court the objectionable parts—separating the objectionable parts from the parts not objectionable.

APPEAL from a judgment of the Superior Court of Marin County. Edward I. Butler, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lucius L. Solomons and Fred C. Peterson for Appellant.

Thos. P. Boyd for Respondent.

STURTEVANT, J.—This is an appeal by the defendant husband from a decree awarding a divorce to his wife.

The complaint charged extreme cruelty and specified as one of the circumstances that the defendant communicated to the plaintiff a venereal disease, gonorrhea. The defendant interposed an answer and cross-complaint. The plaintiff answered the cross-complaint and a trial was had by the trial court sitting without a jury and thereafter it made findings in favor of the respondent and against the appellant on nearly all of the issues tendered by the pleadings.

[1] It was the theory of the plaintiff that in the summer of 1920 the defendant committed adultery and at the same time contracted the disease mentioned; and that thereafter he communicated the disease to the plaintiff. On the other hand, it was the theory of the defendant that he never had the disease, although, about the time mentioned, he was afflicted with a catarrhal discharge of a prostatic origin and that he did not communicate to the plaintiff the disease complained of. Each party offered evidence to support its theory. The conflict was a matter to be decided by the trial court and not by this court.

The appellant contends that plaintiff had no cause of action unless she proved that defendant had gonorrhea; and, knowing that to be the fact, that he communicated the disease to the plaintiff. The respondent does not question the importance of the element of sciente but claims that every person is supposed to know whether he is sick or well and that we may, therefore, assume that at all times the defendant knew whether he was sick or well.

[2] The appellant also claims that the mere fact that one spouse was found to have a venereal disease raised no presumption that it was communicated to him or her by the other spouse. Conceding that to be the rule, we fail to find any part of the record presenting the point. The plaintiff in the trial court did not rest her case on any presumption. On the other hand, she was the first witness called to the stand and testified fully as to her health from the day she was married down to the date of the trial, and stated all facts from which the trial court could infer, or not infer,

that the defendant had communicated to the plaintiff the disease complained of.

The appellant argues that a divorce may not be granted upon the uncorroborated statement, admission, or testimony of the parties; but the decree in the instant case does not rest on that basis. The plaintiff stated facts showing that she was not suffering from any disease until after her intercourse with the defendant; she stated facts showing or tending to show that at the time of the intercourse, and for a short period of time prior thereto, the defendant was suffering from some sickness affecting his procreative system; and she stated facts showing that shortly after a certain act of intercourse with the defendant she was suffering from the disease above mentioned. The very nature of the case caused several doctors to see, hear, and know facts and circumstance which enabled them, at least in part, to corroborate the story told by the plaintiff. Furthermore the plaintiff called Russell I. Wisler, who was the husband of the plaintiff's sister. The witness testified that in June the defendant admitted to him that he had had sexual intercourse with another woman about a year prior thereto. No want of corroboration appears to us and the appellant does not specially call our attention to any element of the charge which was not corroborated.

[3] Appellant objected in the trial court and now contends that the testimony of the witness Wisler tended to prove the commission of adultery and that the issue on trial was not adultery but was extreme cruelty. Counsel seems to claim that if evidence is objectionable for any reason it should be excluded. On the contrary, if it is admissible for any reason it should be admitted. (*Cooney* v. *Glynn,* 157 Cal. 583 [108 Pac. 506].) If the defendant wronged the plaintiff by committing adultery, and, in so doing, contracted a venereal disease and, if later, he communicated that disease to the plaintiff, all of the facts were open to proof and no one of the facts should be excluded merely because it proved an additional wrong.

[4] After the date on which the plaintiff claimed that she became infected with the disease complained of she and the defendant were treated by Dr. Hartman. For the purpose of the treatment of each case Dr. Hartman made at least one examination of the diseased parts of each patient.

Later and after this action was commenced Dr. Hartman's deposition was taken. On the trial of the case the plaintiff read the deposition in evidence. A little later on she called Dr. Dufficy as an expert witness. To him the plaintiff's attorney propounded a long hypothetical question. To that question appellant's attorney interposed a long objection interspersed with argument. The objection contained, among other things, these passages, "It is asking this witness as an expert to diagnose the case of Mr. Borkheim upon the diagnosis of another physician. . . . This hypothetical question, if it were based entirely upon the history given to Dr. Hartman or upon Dr. Hartman's answers would be . . . hearsay upon hearsay." The trial court overruled the objection and the witness answered the question. The defendant now argues vigorously that the ruling was error. The point is not supported by the record. The question did not include an opinion stated by Dr. Hartman; or, if it did, that part of the question which did involve an opinion testified to by Dr. Hartman was not specifically called to the attention of the trial court. When Dr. Hartman made his examination he saw certain objects. Later, in his testimony, he named and described them. In doing so he was not necessarily expressing an opinion but was stating facts. If the question commingled such statement of facts with statements of some matters which were mere matters of professional opinion, as distinguished from matters of fact, then the appellant should have so framed his objection as to call to the attention of the trial court the objectionable parts—separating the objectionable parts from the parts not objectionable. This he did not do. There was no reversible error in the ruling.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 6, 1924.

All the Justices concurred.