[Civ. No. 6762. First Appellate District, Division One.—July 8, 1929.]

CHARLES H. LAYNE, Appellant, v. EDGARD J. MALMGREN et al., Respondents.

John Ralph Wilson and Everette C. McKeage for Appellant.

E. J. Tremont and Charles A. Sweigert for Respondents.

THE COURT.—An action to recover .damages for alleged deceit in connection with the sale by defendant Malmgren to the plaintiff of a promissory note secured by a chattel mortgage and a deed of trust.

Defendant Dempsey, who was a real estate broker, acted for defendant Malmgren in the transaction. The Fidelity and Deposit Company of Maryland, a corporation, on November 28, 1924, as surety for defendant Dempsey, issued to the real estate commissioner its bond in the form prescribed by the Real Estate Brokers' Act, and was joined as a defendant in the action. A general demurrer filed by the corporation was sustained, and a judgment thereon was entered in its favor.

Upon the trial of the action upon the merits judgment was also entered in favor of the other defendants, and from both judgments the plaintiff has appealed.

The promissory note, which was originally for $17,840 and interest, was executed by Carl and Mary White to Rose Johnson on January 15, 1924, and was both as to principal and interest payable in monthly installments. As security therefor the makers executed to trustees a deed of trust to certain real property in San Francisco and also a chattel mortgage upon the furnishings in an apartment house situated upon the property. At the time of the execution of the trust deed there were two prior liens upon the property, aggregating $32,000.

It was alleged that defendant Dempsey, acting on behalf of Malmgren, conducted the negotiations, in the course of which he falsely represented the amount unpaid on the note, the value of the security, the cost of conducting the apartment house, the income therefrom, and that the security for the note was sufficient. The complaint set forth these amounts as represented with those which plaintiff contended were true in fact, the latter with the exception of the cost of conducting the apartment house, which was more, being less than represented. It was further alleged that plaintiff believed and relied upon the representations in making the purchase, and also that he was compelled to foreclose the mortgage and enforce the deed of trust, with the result that insufficient was realized to satisfy the note, all to his damage in the sum of $10,950.

The court found that the plaintiff was informed by the defendants that the balance unpaid on the note was $16,100, when in truth the balance was $16,000, but that both the plaintiff and the defendants were at the time informed by one of the debtors that the first amount was correct; that plaintiff personally examined the property, and after such examination reduced his offer for the note from $12,000 to $11,250, the latter being the amount paid therefor; that none of the misrepresentations averred were made, and that the plaintiff, who was experienced in the purchase and sale of property in San Francisco, relied upon no representations made by the defendants; that he was not misled, and suffered no damage by reason of any of the matters alleged in the complaint.

The appellant contends that the court erred in sustaining the demurrer of defendant corporation and in its rulings upon the admissibility of certain evidence; that the findings are unsupported, and that there was a failure to find on material issues.

We find no merit in the first contention. A real estate broker as defined by the act "is a person . . . who for a compensation sells or offers for sale . . . or negotiates the purchase or sale or exchange of real estate, or who for compensation negotiates loans on real estate . . . for others as a whole or partial vocation." (Stats. 1923, p. 93.) It may be conceded that the acts alleged would if committed by one acting as a real estate broker constitute a breach of duty within the terms of the bond (*Nittler* v. *Continental Casualty Co.*, 94 Cal. App. 498 [271 Pac. 555]). But the transaction in the present case, notwithstanding the owner of the note assigned to the plaintiff his rights as beneficiary under the deed of trust, did not constitute a sale or offer to sell or a negotiation for the purchase or sale of real estate, nor was it the negotiation of a loan thereon within the meaning of the act (*Guy* v. *Brennan*, 60 Cal. App. 452 [213 Pac. 265]). The surety company was consequently not liable for the acts complained of, its obligation under the bond being confined to damage caused by its principal while acting as a real estate broker (Real Estate Brokers' Act, sec. 9a, Stats. 1923, pp. 93, 96).

Appellant sought to show by a witness who formerly owned a building in the vicinity of the apartment house in question, the value of the latter property. The witness' knowledge of values in the vicinity, so far as appears, was confined to the property owned by him, and it was further shown that he had never been upon the real estate in question or in the apartment house thereon. While it has been held that owners of property may be presumed to have sufficient knowledge of values in the neighborhood to testify to the value of that owned by them (*Spring Valley Water Works* v. *Drinkhouse*, 92 Cal. 540 [28 Pac. 681]), here the witness was not shown to be familiar with values in the neighborhood nor with the property itself sufficiently to form an intelligent or correct judgment as to its value, and his testimony was properly rejected, as was also the offered testimony of a wit-

ness as to the price for which the apartment house sold on one occasion.

Appellant also attempted to prove that in another transaction, to which the plaintiff was not a party, defendant Dempsey misrepresented the value of the property. Where fraud in the purchase and sale of property is an issue, evidence of other frauds or fraudulent representations at or near the same time has been held to be admissible (*Kornblum* v. *Arthurs*, 154 Cal. 246 [97 Pac. 420]), but in view of the finding—which was fully supported—that none of the representations made by defendant Dempsey were relied upon by appellant, any error in excluding this testimony became immaterial; as was also for the same reason the failure of the court to find the value of the property, the income from or the expense of conducting the apartment house, or the amount expended by appellant in foreclosing the mortgage and enforcing the deed of trust. If the findings actually made are sufficient to support the judgment and are sustained by the evidence the failure to find on additional issues which could not affect the result is immaterial (*Robinson* v. *Muir*, 151 Cal. 118 [90 Pac. 521]).

The evidence shows that appellant at different times for a considerable period previous to the transaction in question had invested largely in real estate and securities in San Francisco; that he was unacquainted with the defendants before the negotiations commenced; that before purchasing the note he carefully investigated the value of the security and, based upon this investigation, reduced his first offer therefor. The testimony sufficiently shows that appellant was a shrewd business man too careful to rely, and that he did not rely, upon any representations by the agent, the latter testifying also that no misrepresentations were made. It further appears that the property, both real and personal, was purchased by appellant at the sales mentioned and that he is now the owner thereof.

We are satisfied after a reading of the whole record that the conclusions of the trial court are fully supported, and that no errors are shown which resulted in a miscarriage of justice. The judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 7, 1929, and a peti-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 3, 1929.

All the Justices present concurred.