[Civ. No. 4457.   Third Appellate District.—December 18, 1931.]

A. E. ERICSON, Respondent, v. NINA C. STEINER et al., Appellants.

306

Samuel D. Weil for Appellants.

H. L. Breidenbach for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment of rescission of a contract to purchase personal property. It is contended the findings fail to support the judgment, and that the appellants were prejudiced by irregularity of proceedings by means of which a minute order reciting that judgment would be awarded the defendants was set aside and findings and judgment were subsequently adopted and rendered in favor of the plaintiff. The appeal is presented on the judgment-roll alone.

The complaint alleges the execution of a contract between the parties hereto for the purchase and sale of a "grocery, lunch and gas business" together with "all stock fixtures and equipment" thereof, for the sum of $1975; that the de-

fendants fraudulently represented and stated to the plaintiff that the ''net profit of the business . . . had been, was and would be $400.00 per month, and that the gas pump had [been] and was earning . . . $100.00 per month; that the stock in trade would at that time inventory at wholesale prices, not less than $500.00''. Other allegations of fraud were specified, which are unnecessary to recite for the purposes of this appeal. The defendant's answer controverted the necessary allegations of the complaint. The cause was hastily tried and submitted without argument. A minute order was first entered, reciting that judgment would be awarded the defendants. Findings of facts were not adopted nor was a judgment rendered pursuant to this order. On motion of the plaintiff, and upon due notice thereof, the minute order was vacated, and the cause was subsequently argued by respective counsel and again submitted to the court for decision. Thereafter findings of facts were adopted favorable to the plaintiff and a judgment of rescission was accordingly rendered against the defendants. From this judgment an appeal was perfected.

The court found that ''defendants and their agent, Rodney S. Rose, made certain representations to the plaintiff relative to the income from the business and the value of the stock of merchandise. . . . [They] *advised* plaintiff that the net income from the gasoline pump was at that time not less than one hundred ($100.00) dollars per month, and that the value at wholesale prices of the merchandise on the shelves was not less than five hundred ($500.00) dollars.'' The court further found ''that the value of the goods on the shelves as of the 26th day of March, 1928, was two hundred ninety-three and 08/100 ($293.08) dollars, and no more. That the gasoline pump had for three (3) months previous to plaintiff's taking possession averaged a monthly net profit of less than seventy ($70.00) dollars.'' █ There was no error in setting aside the minute order announcing that judgment would be rendered in favor of the defendants and directing findings to be prepared accordingly. No findings were adopted by the court in accordance with the order. The vacating of that order, under the circumstances of this case, was discretionary with the court. There was no abuse of discretion on the part of the court in setting aside the order and permitting respective counsel to argue the case.

The minute order was not a final determination of the case. It was not the decision of the court. Until the findings were adopted and filed there was no decision of the court. (*Canadian & Am. Mtg. & Trust Co* v. *Clarita Land & Inv. Co.*, 140 Cal. 672, 677 [74 Pac. 301]; *United Taxpayers Co.* v. *City and County of San Francisco*, 55 Cal. App. 239, 243 [203 Pac. 120].)

■ It is asserted the court was guilty of prejudicial misconduct which prevented a fair and impartial trial. This misconduct is alleged to have consisted of listening to a statement made by the attorney for plaintiff, out of the presence of the defendants or their attorney, subsequent to the entry of the minute order referred to, in which conversation the plaintiff's attorney unduly appealed to the sympathy of the judge by saying that a loss of the case would be a great hardship on plaintiff and that a failure to recover the $1500 which he had paid on account of the purchase price of the property would ruin him financially. Assuming these statements were made to the trial judge, we may not presume, on appeal, that the decision of the court was controlled by these statements, or that the sympathy of the judge outweighed a natural sense of justice and judicial obligation based upon adequate competent evidence to support the findings of facts and the judgment which was rendered, in every essential element. The case is presented to this court on the judgment-roll alone. The evidence is not before this court. We must therefore assume that the findings are adequately supported by the evidence in every necessary respect. (2 Cal. Jur. 877, sec. 514.) ■ Where there is ample competent evidence to support the decision of a court sitting without a jury, in the absence of a showing to the contrary, it will be presumed incompetent evidence or extrajudicial statements made to the judge were disregarded in the determination of the case. (*Watt* v. *Copeland*, 92 Cal. App. 161, 170 [267 Pac. 928]; *Roth* v. *Thomson*, 40 Cal. App. 208, 216 [Ann. Cas. 1917C, 663, and note, 180 Pac. 656]; *Davis* v. *Seattle*, 134 Wash. 1 [235 Pac. 4].)

■ The appellants contend that the finding of the court that defendants "*advised* plaintiff that the net income from the gasoline pump was at that time not less than $100 per month, and that the value at wholesale prices of the merchandise on the shelves was not less than $500", amounts merely

to a finding that the defendants expressed an opinion to that effect, and is not a positive assertion that the pump had produced a net income of $100 per month, or that the value of the merchandise was $500 or more. It is insisted the word "advised", as it is used in this finding, must be construed to mean that defendants surmised or expressed their opinion or judgment to the effect that the gas pump had produced $100 income a month, and that the merchandise was worth $500. It is true this word is commonly used to convey the meaning suggested by the appellants. It was probably not the choicest word which might have been selected to convey the meaning evidently intended by the court. Webster's International Dictionary, however, also gives the following meaning to the word "advise": "To give information or notice to; to apprise, inform." A common synonym for the word "advise" is "inform" or "acquaint". This is evidently the sense in which the word was used by the court. By the very language of the complaint these alleged fraudulent misrepresentations were relied upon by the plaintiff. The defendants' answer specifically denied these allegations. These alleged false declarations regarding the value of the merchandise and the income from the gas pump became vital issues in the case. The language of a finding will be reasonably construed to uphold rather than to upset a judgment. This challenged finding is therefore not fatally defective.

The appellants seek to reverse the judgment for the reason that the court failed to adopt specific findings upon certain other alleged misrepresentations. It is true that other alleged fraudulent statements of the defendants were recited in the complaint, upon which the court failed to make findings. But this is not fatal to the validity of the judgment. In an action to cancel a contract for the purchase of personal property on the ground of fraud, it is not essential that every alleged fraudulent misrepresentation shall be proved to sustain a judgment of rescission. It may be sufficient if one or more material allegations are proved provided they become substantial inducement for the execution of the contract upon which the purchaser relies. On the same principle it follows that a failure to adopt findings favorable to the plaintiff upon certain specified allegations of fraud will not require a reversal of the judgment, where the

court's findings adequately support the judgment regardless of the effect of the omitted findings. (2 Cal. Jur. 1033, sec. 614; *Layne* v. *Malmgren,* 99 Cal. App. 742, 746 [279 Pac. 670]; *French* v. *Freeman,* 191 Cal. 579, 590 [217 Pac. 515, 519].) In the case last cited it is said:

"Nor was it necessary that the court should make a finding as to each ground of fraud alleged in the complaint, since if the findings in plaintiff's favor as made support the judgment, . . . a finding against him upon the remaining charges of fraud would not affect his right to the relief given."

In the present case findings favorable to the defendants upon the allegations of fraud, the omission of which is assigned as reversible error, would not affect the plaintiff's right of rescission. The judgment is adequately supported by the findings which were adopted.

The judgment is affirmed.

Preston, P. J., and Plummer, J., concurred.