[Civ. No. 9125. Second Appellate District, Division Two.—January 17, 1935.]

W. B. HARRISON, Respondent, v. LOUIS DE YOUNG et al., Appellants.

S. W. Meyers, A. H. Blum and H. E. Forster for Appellants.

Orville A. Rogers and L. J. Styskal for Respondent.

CRAIL, J.—This is an appeal from a judgment in favor of the plaintiff in an action for damages for personal injuries resulting from a collision of automobiles.

The appellants (defendants) contend that the trial court erred in overruling certain objections to hypothetical questions put to medical experts on the ground that such questions assumed facts not in evidence. We have examined the questions and the evidence with regard to the facts assumed and we find that the rulings of the trial court were proper.

It is next contended that the trial court erred in refusing to grant a motion to strike the testimony of one of the doctors, particularly that part of his testimony dealing with post-traumatic neurosis on the ground that the doctor admitted he was not qualified as an expert witness to testify on that subject. The doctor properly qualified himself at the commencement of his direct examination. Upon cross-examination the following question was asked and answered: ''Q. Most everybody that has any kind of automobile accident has post-traumatic neurosis, don't they, Doctor, whether it be a head injury or an arm injury or a foot injury, is that not so? A. I do not believe I am qualified as an expert witness in that regard.'' This modest answer of the doctor that he was not qualified as an expert witness to answer the above question did not necessarily disqualify the doctor. Certainly it was evidence which might be considered on the question of his qualifications as an expert, but it was to be considered along with all the other facts and circumstances in evidence bearing upon his qualifications. The decision was for the court to make in the exercise of its sound discretion.

Finally, the appellants contend that the court erred in permitting evidence to go to the jury which was purely speculative and not based upon any facts shown from an examination of the plaintiff in the case, and in this regard appellant particularly calls our attention to the following from the testimony of Dr. Werden while he was testifying

with regard to a concussion of the plaintiff's brain: "Q. When you say that a microscopical change may have occurred, what do you mean, Doctor—do you mean after a concussion? A. Yes, sir. Q. And this change may—presuming that one would see it under the microscope, what would be the change that you refer to? Mr. Blum: Just a second. We object to this line of questioning on the ground there is no proper foundation laid as yet of such an occurrence, and I do not think the testimony or the questions are competent. . . . There is no testimony in this record that this doctor testified that there is any changes in the brain. Mr. Styskal: I submit that there is testimony that this man had a concussion. The Court: The objection is overruled. Answer the question, Doctor. A. Changes that occur in the nerve cells following a concussion are, swelling of the nerve cells and loss of their normal pigmentation, that is, the amount of coloring matter there is in the cells, and displacement of the nucleus or yolk of the cell—and displacement of one side of the cell. It may progress to a natural breaking up of both nucleus and the wall of the cell. Those are the stages in the processes of degeneration of the nerve cell following concussion. It may proceed to any one of those various degrees of change." Frequently it happens when expert witnesses are testifying that conclusions to be drawn from the facts stated depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence. In such cases not only the facts but the conclusions to which they lead may be testified to by qualified experts. (10 Cal. Jur. 959.) Of such a nature were the questions and answers to which appellants refer. We find no error in the trial court's rulings.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.*, concurred.