[Civ. No. 5252. Third Appellate District.—April 22, 1935.]

THE FARMERS AND MERCHANTS NATIONAL BANK OF LOS ANGELES (a Banking Corporation), Respondent, v. N. W. STOWELL et al., Appellants.

374

Davis & Thorne for Appellants.

Lawler & Degnan for Respondent.

WOODWARD, J., *pro tem.*—This is an appeal by the defendants, N. W. Stowell and Mary J. Stowell, husband and wife, from a judgment and decree of foreclosure wherein the indebtedness of said defendants to plaintiff was determined by the trial court to be the sum of $514,787.15, and costs. The real property affected by the decree may be generally referred to as the Stowell Hotel, situated on Spring Street, between Fourth and Fifth Streets, in the city of Los Angeles.

Before stating the comparatively simple legal questions involved, we will briefly examine the factual background of the controversy. At all times herein mentioned N. W. Stowell was president of the Whitlock Manufacturing Company, a corporation. On or about December 7, 1929, Stowell, jointly and severally, with E. D. Reiter, H. G. Haffer and H. P. Usher executed a guaranty to respondent bank covering existing and future loans to said Whitlock Manufacturing Company up to the aggregate sum of $350,000. Thereafter the corporation, from time to time, borrowed various amounts from respondent, totaling $438,000. During the same period, it seems that Stowell negotiated a number of personal loans from respondent bank, aggregating approximately $305,000, of which amount there remained unpaid at the time of the trial the sum of $27,603.12. On or about April 7, 1930, appellants executed and delivered to the bank a deed to the property involved in this controversy. As to the purpose for which this deed was delivered, the evidence is conflicting, although all parties concede that the instrument was intended as a mortgage. Respondent contended that in March, 1930, the Whitlock Manufacturing Company had exhausted its credit and that said deed was executed and delivered with the understanding and for the explicit purpose of securing existing and future loans, both to said corporation and to appellant Stowell individually. Appellant Stowell, on the other hand, urged that the deed was given solely to secure his personal loans, and had no reference whatsoever to the obligations, present or future, of said corporation.

The trial court found that said grant deed was delivered to respondent "as security for the then existing personal indebtedness of said N. W. Stowell to the said Farmers & Merchants National Bank of Los Angeles, and security for the then existing obligations of said N. W. Stowell as guarantor of the indebtedness of Whitlock Manufacturing Company, a corporation, to plaintiff, as security for all future personal indebtedness of said N. W. Stowell to said plaintiff, and as security for all future obligations of said N. W. Stowell, as guarantor of any future obligations or indebtedness of Whitlock Manufacturing Company, a corporation; the Farmers & Merchants National Bank of Los Angeles, requested said deed from defendant N. W. Stowell for the

purpose of securing the aforesaid obligations and indebtedness; that the defendants N. W. Stowell and ·Mary J. Stowell executed and delivered said deed to said plaintiff with the intention that it should secure the said aforesaid obligations and indebtedness, and consented and agreed that said deed and the conveyance evidenced thereby should be held by said bank as security for the aforesaid obligations and indebtedness.''

Appellants make no claim that there was not substantial evidence upon which to base the finding from which the foregoing is an excerpt. On the contrary, for reversal, they rely on two rulings of the trial court in the admission of evidence. These rulings, as epitomized in appellants' opening brief, are (1) ''the court committed prejudicial error in admitting oral testimony to the effect that the bank relied upon the deed given to them by Mr. Stowell, in making further additional loans to the Whitlock Manufacturing Company; (2) the court erred in the admission of certain documentary evidence''.

■ We will discuss the challenged rulings in the order presented. Victor H. Rossetti, president of the respondent bank, was permitted to testify, over the objection of defendants' counsel, that he relied on the Stowell deed in making loans to the Whitlock Manufacturing Company after April 7, 1930. The testimony was offered, it seems, on the theory that appellant Stowell, having admittedly delivered the deed to respondent bank as collateral security, was estopped from claiming that he intended it to apply to a particular indebtedness. We find ourselves in accord with appellants' position that estoppel was inapplicable to the transaction. In some circumstances ''an estoppel may be said to arise when a person executes some deed, or is concerned in or does some act, either of record or *in pais,* which will preclude him from averring anything to the contrary''. (10 R. C. L. 675.) The terms of the agreement in question were disputed; and if appellant, Stowell, delivered his deed to the bank for a particular purpose and so informed the witness Rossetti at the time, he was not estopped from relying upon his defense. ■ A banker, holding securities pledged for the payment of a particular debt, has no lien upon them for the payment of other claims. (*Berry* v. *Bank of Bakersfield,* 177 Cal. 206 [170 Pac. 415]; *Bell* v.

*Bank of California,* 153 Cal. 234, 238 [94 Pac. 889].) The conclusion seems inescapable, therefore, that the bank's reliance on the deed as constituting an estoppel was immaterial, its right to apply the security to all, rather than particular, obligations of appellants depending solely upon the agreement of the parties.

The triviality of the error, however, is obvious when the agreement is examined in the light of all the evidence. The witness Rossetti testified that he first saw the deed on April 7, 1930; that on March 28, 1930, he had a conversation at the bank with Stowell concerning the necessity for additional collateral. "Mr. Stowell", he went on to testify, "made application for a loan of $25,000 for the Whitlock Manufacturing Company. I replied to Mr. Stowell that he was indebted to us at that time in the amount of $245,000, and the Whitlock Manufacturing Company in the amount of $350,000; that I would not entertain an application for a loan of $25,000 unless he deposited with us additional security to cover his personal indebtedness, then existing, his obligation of indebtedness as evidenced by his guarantee of the indebtedness of the Whitlock Manufacturing Company in the amount of $350,000, and any subsequent advances we might extend to him personally, or to the Whitlock Manufacturing Company. Mr. Stowell replied that he did not have any additional collateral available. Whereupon I asked him to deposit with us a deed to some one parcel of his real estate holdings, which his statement filed with us evidenced he possessed. Upon reviewing the statement, in his presence, I suggested to him that he give us the Main (Mayan) hotel property, this suggestion following his indication that he would be very happy to do so. On my selection of the Mayan property he stated that he did not believe that that would suit us, as the improvements covered two parcels in separate ownership, one in himself and the other parcel in some other individual. Whereupon, I asked him to give the bank a deed to the Stowell hotel. This he agreed to do; and, on the terms to deliver the deed to the Stowell hotel, we extended an additional loan of $25,000 to the Whitlock Manufacturing Company; and any delay, he stated, would be due to the time necessary to prepare the instrument and obtain the signature of his wife and also of his own." This testimony was corroborated by

Fred V. Gordon, one of the directors of the Whitlock Manufacturing Company. Stowell, it is true, denied that he had delivered the deed to respondent except as security for his personal borrowings; in fact, he claimed that he presented the deed as a voluntary act and without any previous demand having been made therefor. Counsel for respondent characterizes his testimony as "unreasonable", caused by "uncertainty and faulty recollection". Be that as it may, the fact remains that his denial merely caused a conflict in the evidence; the sufficiency of which to support the finding, as we have already pointed out, is not challenged by appellants. It would seem, therefore, that the testimony of Rossetti to the effect that he relied on the deed was entirely harmless. In these circumstances, it will be presumed that the trial court disregarded the incident in the determination of the case. (*Ericson* v. *Steiner,* 119 Cal. App. 305 [6 Pac. (2d) 298]; *Watt* v. *Copeland,* 92 Cal. App. 161 [267 Pac. 928]; *Roth* v. *Thomson,* 40 Cal. App. 208 [180 Pac. 656].)

The second specification of error is directed to the admission in evidence, over the objection of defendants, of a certain agreement executed between appellant, Stowell, and one H. P. Usher, bearing date of August 21, 1930. It was received in evidence on the theory that it constituted an admission against interest by Stowell. It is urged that since Usher was not a party to the pledging of the deed in question, any private agreement he may have had with appellant concerning the original guaranty had no bearing on the case, and was therefore inadmissible in evidence. This contention cannot be sustained. The agreement provided, among other things, that Stowell "further agreed to maintain with said bank at all times, until first party shall have been fully discharged and released by said bank from any liability under said guaranty, all collateral or securities heretofore deposited by him with, or as and when hereinafter required by, said bank, to fully satisfy and discharge all liability of the guarantors under such guaranty, including the liability thereunder of first party (Usher)." Since this agreement was entered into after the delivery of the deed to the bank by appellant, it seems to have been the contention of respondent that said agreement contained an implied admission against interest, namely, that the deed

had been delivered as security for the obligations of the Whitlock Manufacturing Company. If appellants' liability depended solely upon this alleged admission against interest, made in a collateral transaction, the contention of appellants would be entitled to more serious consideration. We believe, however, that the agreement, although constituting rather weak evidence, was admissible for the purpose stated. The fact that Usher was not a party to the transaction in question did not, as appellants seem to think, render the agreement inadmissible. "There is no more familiar or better understood rule of evidence than that which authorizes proof of the extra judicial admissions or declarations of a party against his own interest as to the matter or question in issue." (*Scragg* v. *Sallee*, 24 Cal. App. 133 [140 Pac. 706, 709].) And the fact that an admission against interest was uttered to a third person not a party to the cause is immaterial. (2 Wigmore on Evidence, 2d ed., p. 517.)

From an examination of the voluminous record in this case, we are convinced that the trial court made no prejudicial error, and that the findings are fully and adequately supported by substantial evidence. The judgment is affirmed.

Plummer, Acting P. J., and Thompson, J., concurred.