[Civ. No. 10324. Second Appellate District, Division Two.—May 29, 1935.]

LUNA LOFTON, Respondent, v. C. B. PERKINS et al., Defendants; NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Appellant.

C. W. Bowers and Chas. E. R. Fulcher for Appellant.

Garner White for Respondent.

STEPHENS, P. J.—Appeal by one of the defendants, National Automobile Insurance Company, a corporation. Perkins, one of the defendants, was a real estate broker and appellant was his official bondsman under the Real Estate Broker's Act.

Plaintiff-respondent Luna Lofton had for some time entrusted money to Perkins to loan on personalty. They agreed that two trust deed notes should be purchased. Perkins reported this as done and delivered two promissory notes, in form of trust deed notes, but no deeds. The evidence which was stipulated *in toto* compels the conclusion that there never were any trust deeds and that the transaction was fraudulent. Plaintiff unfortunately is out her money, but appellant is not obliged to pay because the transaction is outside the terms of the bond and the law requiring it. (Real Estate Broker's Act, Act 112, vol. 1, Deering's General Laws 1931, p. 25.) The surety is not liable where the basis of the claim is the purchase of an existing security. (*Layne* v. *Malmgren,* 99 Cal. App. 742 [279 Pac. 670].)

The judgment is reversed and the trial court is instructed to enter judgment for defendant, who is appellant here.

Crail, J., concurred.