## HEUSS v. UNITED STATES.
### No. 8348.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1937.

H. Sylvester Garvin and Granville Egan, both of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., and Gerald Shucklin and F. A. Pellegrini, Asst. U. S. Attys., all of Seattle, Wash., for the United States.

Before MATHEWS and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

This appeal is to reverse a judgment on a verdict of guilty on the following assignment of errors:

1. That the court erred in admitting testimony of the witness, A. E. Rosenfeldt, of a purported voluntary confession of defendant.

2. That the court erred in giving the following instruction: "You are instructed that the Government does not desire to have you conclude against the defendant, unless the conclusion is supported by the evidence beyond a reasonable doubt; but that neither does the Government want a guilty man to escape." "To the giving of which instruction the defendant excepted, and his exception was allowed."

Rule 11 of this court provides among other things, "when the error alleged is to the admission or rejection of evidence, the assignment of errors shall quote the full substance of the evidence admittted or rejected. * * * When this is not done, counsel will not be heard, except * * * the Court at its option may notice a plain error not assigned."

The first assignment of error is not tenable for nonconformity to rule 11 of this court. This court has consistently adhered to rule 11, supra. O'Brien Manual Federal Procedure, 1936 Cumulative Supplement, p. 93. See, also, Goldstein v. United States (C.C.A. 9) 73 F.(2d) 804; Mullaney v. U. S. (C.C.A. 9) 82 F.(2d) 638.

The second alleged error is likewise not tenable for that the exception is insufficient to raise any question on appeal in that the exception does not show the ground of objection to the instruction. Royal Finance Company of California v. Miller (C.C.A.) 47 F.(2d) 24, at page 27; Dayton Rubber Mfg. Co. v. Sabra (C.C.A.) 63 F.(2d) 865.

No possible prejudicial error can be based on the instruction and an examination of the testimony in the record clearly shows no plain error.

Affirmed.