**TRAVELERS INS. CO. v. DRAKE.**

No. 8150.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1937.

Rehearing Denied April 5, 1937.

L. R. Weinmann and George P. Tobin, both of Oakland, Cal., and Leo R. Friedman, of San Francisco, Cal., for appellant.

Dunn, White & Aiken and Carlos G. White, all of Oakland, Cal., for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

Judgment was obtained by the beneficiary of a policy of accident insurance for the death of the insured. The policy contained the following provision: In the event the injury should result in death "independently and exclusively of all other causes" and not be "caused directly or indirectly, wholly or partly by bodily or mental infirmity, bacterial infections * * * or by any other kind of disease," and reversal is sought.

The exceptions may be stated generally: (a) Insufficient evidence of accidental death or death by accidental means, independent of all other causes; (b) admission of doctors' evidence as to cause of death; and (c) evidence of the widow concerning a draft issued by appellant for $188.-51 to insured—deceased—reading in part, "the same being in part settlement of all claims against the Travelers Insurance Company." "From 3–23–34 10 A.M. to 4–20–34 10 A.M." "Date of Disability 3–23–34." "Insured Raymond E. Drake."

The evidence shows insured assisted in arranging a "display advertisement machine" by moving the base and placing the upper section of the machine, weighing 317 pounds, upon the floor. The machine consists of an upper section and a base; it is rectangular in form and is six feet high, eighteen inches wide, and thirty-four inches long. On each end are two handles. The handles are equal distance from top to floor and are below the center of gravity of the upper section. The machine has a metal frame, with smooth surface; it has no projecting parts, except the handles. The base weighs 75 or 80 pounds and is forty-one inches long, twenty-three inches wide, and ten inches high, and was mounted on four casters, one at each corner.

It is shown that the insured was on the left end of the machine looking from the rear. The insured took hold of the handles on the one end, and the owner took hold of the handles on the other end. They lifted the upper section of the machine an inch or two, and stepped backward about one foot, moving the upper section of the machine ten or eleven inches. Before the base was cleared, the owner, holding the opposite end to that held by the insured, kicked the base with his foot to roll the base forward; he said, "I did feel something the moment that I kicked that base." Drake dropped the upper section, the left front corner was on top of the base, and Drake held his hand to his back. The witness was asked whether the base, when kicked, rolled in the direction of the deceased. He then demonstrated by placing the machine in position, indicating where he was and where the insured was, what each was doing, and manner of performance. It is conceded at bar that if the machine slipped and the insured was injured it was accidental. The witness stated deceased said, "he was lifting the machine and something cracked my back." The insured suffered a "compression fracture of the top of the first lumbar vertebra." The demonstration before the jury would show the effect of the kick of the base, with the force required to move the 75 or 80 pounds of base, more than the spoken word; and the sudden jerk or jar that it gave to the 317-pound machine lifted by the insured and owner, if any, and whether it did in reasonable probability cause the machine to slip and lodge on the corner of the base, twisting and wrenching the insured's back and break the vertebræ. April 23, 1934, insured fell onto the bathroom floor. There is

substantial evidence for the jury's consideration [Johnson v. Mutual Life Ins. Co. (C. C.A.) 70 F.(2d) 41, 44] together with the statement at the time the insured lifted, and hurt his back, as to the cause of injury and death. Whether the machine slipped or jerked, if there was a slip or jerk, caused by the kick and movement of the base, or one or all placed the machine, and the insured in such relation as to twist or wrench insured's back and effect of the fall [Jensma v. Sun Life Assur. Co. (C.C. A.) 64 F.(2d) 457; Wells Fargo Bank & Union Trust Co. v. Mutual Life Ins. Co. (C. C.A.) 66 F.(2d) 890; Sentinel Life Ins. Co. v. Blackmer (C.C.A.) 77 F.(2d) 347], is a fact to be determined by the jury from the evidence.

■ The appellant, when all events were fresh in the minds of those who saw and knew, investigated the injury unhampered by rules of evidence, and found the injury accidental and issued its check "in partial settlement" of the claim. And such admission against interest was competent evidence. London Guarantee & Accident Co. v. Woelfle (C.C.A.) 83 F.(2d) 325; Northern Pac. Ry. Co. v. Helvering (C.C.A.) 83 F.(2d) 508; Nevin v. Mercer Casualty Co., 12 Cal.App.(2d) 222, 55 P.(2d) 251; Farmers', etc., Bank v. Stowell, 6 Cal.App. (2d) 373, 44 P.(2d) 392.

■ (b) Admission of doctors' evidence on cause of death was not error. No one is more able to testify as to the effect upon the human body or functions of organs of the human system of certain causes than those who by years of study and practice of medicine and experience possess. Doctors, being learned in the construction of the human body and the relation of the several parts to each other, may advise as experts what the necessary effect upon the vital spark which certain causes would produce. No layman can be credited with such knowledge. A physician, as an expert, may state his opinion as to the cause of death, or whether given injuries or conditions would cause death. People v. Potigian, 69 Cal.App. 257, 231 P. 593; Foley v. Northern California Power Co., 165 Cal. 103, 130 P. 1183; Spicer v. Benefit Ass'n of Ry. Employees, 142 Or. 574, 17 P.(2d) 1107, 21 P.(2d) 187, 90 A.L.R. 517; Nicholson v. Roundup Coal Mining Co., 79 Mont. 358, 257 P. 270. Compare United States Fidelity & Guaranty Co. v. McCarthy (C.C.A.) 50 F.(2d) 2, certiorari denied 284 U.S. 652, 52 S.Ct. 32, 76 L.Ed. 553; Davis v. U. S., 165 U.S. 373, 17 S.Ct. 360, 41 L.Ed. 750; O'Leary v. Scullin Steel Co., 303 Mo. 363, 260 S.W. 55.

Insured died thirty-three days after the accident. The clinical history from the date of the accident to his death, supplemented by the findings of the autopsy and evidence of deceased's prior good health, was produced. Some factual evidence showed that deceased was physically and mentally active and energetic in his business, did not appear to suffer from any trouble of the heart, brain, or kidneys, showed no inconvenience from sudden exertion, nor shortness of breath, no chest pains, no blurring of the vision, no swelling of feet or ankles, never had convulsions or nausea, or pain in left arm or left side of chest, nor in the upper part of his abdomen. From this evidence, and other testimony, stated in the hypothetical questions, two physicians testified that death was the result of the injuries, without any other contributing cause.

■■ Appellant objected to the hypothetical question on the ground "it is incompetent, irrelevant and immaterial and it seeks to invade the province of the jury." In its brief appellant divides its discussion into (a) and (b): (a) That the expert witnesses' testimony was an invasion of the province of the jury; (b) that the hypothetical question assumes facts not in evidence; and includes therein the opinion of another. Challenge (a) has no merit whatever. While the jury is the sole judge of the facts as to the issue of death and cause of death, that does not, however, make objectionable the opinion of a medical expert in aid to the jury to find the ultimate fact. Eastern Transportation Line v. Hope, 95 U.S. 297, 24 L.Ed. 477; Illinois Power & Light Corp. v. Hurley, 49 F.(2d) 681 (C. C.A.8); New York Life Ins. Co. v. Doerksen (C.C.A.) 64 F.(2d) 240; Ernest G. Svenson et al. v. Mutual Life Ins. Co. of New York, 87 F.(2d) 441 (C.C.A.8th Circuit), decided January 27, 1937. Of course experts may not sum up the whole case for the jury. London Guarantee & Accident Co. v. Woelfle (C.C.A.) 83 F.(2d) 325. As to challenge (b) it may be said that the hypothetical question is long, covering eight pages of the transcript, and the objection covers more than one page. After objection was made the question was modified, and the objection again was interposed. Appellant then called the court's attention

to the fact that the first part of the question, that deceased never appeared to suffer from heart, kidney, or other illness, was not in evidence and that deceased did not appear to have any of these ailments. Further detail followed to show the evidence did not conform to the facts. Appellant italicizes certain statements in the hypothetical question to which attention is directed by his objection: "* * * a man who had never appeared to suffer from any trouble of the heart, brain, kidney nor from any bacterial infection, any bodily infirmity, nor from any disease or bodily trouble at all * * *. We will also assume that at all times prior to his injuries of March 23, 1934, Mr. Drake appeared to have no shortness of breath, no chest pains, no blurring of the vision, no swelling of feet and no swelling of ankles. * * * We will also assume that the leg condition observed by Dr. Holcomb appeared to be in a condition that could have been caused by an internal injury or by a thrombus in the leg. * * *"

The objection argued in its brief is, "the question includes therein the opinion of another expert." Citing in support Corrigan v. U. S., 82 F.(2d) 106 (C.C.A.9); Laughlin v. Christensen (C.C.A.) 1 F.(2d) 215.

■ This objection was not presented to the trial court. Nor was the exception nor the assignment of error so presented and may not, therefore, be considered by this court. Goldstein v. U. S., 73 F.(2d) 804 (C.C.A.9); Mullaney v. U. S., 82 F.(2d) 638 (C.C.A.9); Heuss v. U. S. (C.C.A.) 88 F.(2d) 307, just decided. Nor are the statements that no shortness of breath, chest pains, blurring of vision, swelling of feet and ankles, and that deceased appeared in good health, improperly included in the hypothetical question. We say this even though it is not properly before this court; nor is this to be considered as waiving the rule of this court as to specification of errors. Upon injury deceased appeared very pale, and appeared to suffer increasing pain and was unable to rest; a plaster cast body jacket from the armpits to the groin was applied. Discoloration appeared on the abdomen and thereafter extending up under the cast. His kidneys functioned normally up to April 23d, when he collapsed suddenly. He was found lying on the bathroom floor, groaning and conscious part of the time only, and breathing with difficulty. Objection (b) has no merit.

■ The scope of the hypothetical question is left to the sound discretion of the trial judge. The question may be framed upon any theory of the interrogator, which can reasonably be deduced from the evidence; any assumptions may be indulged on any fact within the evidence, upon which opinion is desired by the interrogator; and facts not deemed material may be omitted.* The truth of facts assumed by the hypothetical question as within the probable range of the evidence, as a basis to support the hypothetical question, is a question of fact for the determination of the jury to find with the other submitted facts upon a fair submission of the issue, and it must determine whether the basis upon which the hypothetical question rests has been established. 10 Cal.Juris. 966, 967, 968; 3 Jones, Commentaries on Evidence, 2425; Treadwell v. Nickel, 194 Cal. 243, 228 P. 25. See, also, cases in margin.** When the question assumes a state of facts which the evidence directly, fairly, and reasonably tends to establish, and does not transcend the range of the evidence, it is not objectionable. Denver & R. G. Ry. Co. v. Roller (C.C.A.) 100 F. 738, 49 L.R.A. 77; Proechel v. U. S. (C.C.A.) 59 F.(2d) 648. If the question commingles with the statement of fact matters of mere professional opinion as distinguished from matters of fact, the objection must call the attention of the trial court to the objectionable parts, separated from the remaining

* Virginia Beach Bus Line v. Campbell (C.C.A. 4) 73 F.(2d) 97; Napier v. Greenzweig (C.C.A. 2) 256 F. 196; Denver & Rio Grande Ry. Co. v. Roller (C.C.A. 9) 100 F. 738, 49 L.R.A. 77; Illinois Power & Light Corporation v. Hurley (C.C.A. 8) 49 F.(2d) 681; Laughlin v. Christensen (C.C.A. 8) 1 F.(2d) 215; Graves v. Union Oil Co. of California, 36 Cal.App. 766, 173 P. 618; 11 R.C.L. 579, 581; Rudat v. Carithers, 137 Cal.App. 92, 30 P. (2d) 435.

** Swensen v. Bender (C.C.A. 9) 114 F. 1; Western Coal & Mining Co. v. Berberich (C.C.A. 8) 94 F. 329; Woodward v. Chicago, etc., Ry. Co. (C.C.A. 8) 122 F. 66; Napier v. Greenzweig (C.C.A.) 256 F. 196; Hutter v. Hommel, 213 Cal. 677, 3 P.(2d) 554; Stuart v. Preston, 2 Cal. App.(2d) 310, 38 P.(2d) 155; Id. (Cal. App.) 39 P.(2d) 441; Harrison v. De Young, 3 Cal.App.(2d) 662, 39 P.(2d) 866; Forbis v. Holzman (Feb.1936) 5 Cal. (2d) 407, 55 P.(2d) 201.

portion of the unobjectionable matter. Borkheim v. Borkheim, 65 Cal.App. 218, 223 P. 429; Roark v. Greeno, 61 Kan. 299, 59 P. 655.

The objection made to the following question propounded to Mrs. Drake, widow of the insured: "What did you see occurring between Mr. Drake and those two representatives?" The witness started to answer as follows: A. "They were conversing. I was busy around the ———." At this point the witness was interrupted. Such an answer is merely preliminary and most assuredly is not prejudicial error. The witness gave further testimony, thereby identifying the draft above referred to, but appellant made no objection thereto. Error (c), predicated on the admission of Mrs. Drake's testimony, is thus disposed of against appellant's contention.

No viewpoint of approach discloses reversible error.

Affirmed.

### Upon Petition for a Rehearing.

By its petition for rehearing appellant charges, (1) incomplete statement, and failure to consider its motion for a directed verdict, and its exception on denial thereof, which were properly presented to the court and argued in its brief. These questions are (2) insufficiency of the evidence to establish that the death of the insured resulted from bodily injuries, independently and exclusively of all other means, and (3) insufficiency of the evidence to establish that insured's death was effected by accidental means.

It may add to lucidity and clarity to say that the policy insured Raymond E. Drake "against loss resulting from bodily injuries, effected directly and independently of all other causes, through accidental means, * * * as specified in the following schedule, subject to the provisions and limitations (thereinafter) contained." The schedule provides that if, within ninety days after the accident, "such injuries * * * shall result independently and exclusively of all other causes * * *" in loss of life, appellant will pay the principal sum of the policy. And a further provision: "The insurance under this policy shall not cover accident, injury, * * * death or other loss caused directly or indirectly, wholly or partly, by bodily or mental infirmity, bacterial infections * * * or by any other kind of disease. * * *"

This court in fact did consider and decide all these questions. We think the testimony disclosed in the record is amply sufficient to be submitted to the jury and no error was committed in denying the motion.

The petition for rehearing is denied.